United States District Court
Southern District of Texas
**ENTERED**
November 29, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAUL E. ARCHIE, (TDCJ-CID #519474) | § § § § |
| Petitioner, | § § |
| VS. | § CIVIL ACTION NO. H-18-0231 |
| LORIE DAVIS, | § § § § |
| Respondent. | § |

# MEMORANDUM ON DISMISSAL

Petitioner Paul E. Archie seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges the calculation of his sentence following a conviction in the 230th Judicial District Court of Harris County, Texas. Respondent filed a motion for summary judgment on the ground that the petition for writ of habeas corpus should be dismissed for failure to exhaust available state court remedies. (Docket Entry No. 9). Respondent also filed copies of the state court record. Archie has filed his response. (Docket Entry No. 13).

The threshold issue is whether Archie's petition for writ of habeas corpus should be dismissed for failure to exhaust available state court remedies.

**I.      Background**

Archie was found guilty of the felony offense of possession of a controlled substance, namely cocaine in Cause Number 512624. On June 13, 1989, the court sentenced Archie to thirty years imprisonment. Archie filed an application for state habeas corpus relief challenging the calculation

of his sentence on July 11, 2017, and the Texas Court of Criminal Appeals dismissed it without written order on December 20, 2017. *Ex parte Archie,* Application No. 10,106-19 at cover.

On January 25, 2018, this Court received Archie's federal petition. Archie contends that his conviction is void because of a time sheet he received on May 8, 2017. He states that his projected mandatory supervision release date does not accurately reflect his good-time and work-time credits. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 9-10). Archie attached a copy of this time sheet to his state application. (Docket Entry No. 10-34, p. 3).

**II.     The Issue of Exhaustion**

Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Fisher v. Texas,* 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). A state prisoner must exhaust available state court remedies before he can obtain federal habeas corpus relief unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). In order to exhaust, a petitioner must "fairly present" all of his claims to the state court. *Id.; Duncan v. Henry,* 513 U.S. 364, 365 (1995). Full exhaustion of all claims presented is required before federal habeas corpus relief is available. *Rose v. Lundy,* 455 U.S. 509, 518-22 (1982). The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition. *Nobles v. Johnson,* 127 F.3d 409, 419-20 (5th Cir. 1997), *cert. denied,* 523 U.S. 1139 (1998)(citing *Anderson v. Harless,* 459 U.S. 4, 6-7 (1982)).

A state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. *Coleman v. Thompson,* 501 U.S.

722, 731 (1991). The exhaustion requirement is based on the principle of comity and federalism. *McGee v. Estelle*, 704 F.2d 764, 770 (5th Cir. 1983). In a federal system, the states should have the first opportunity to address and correct alleged violations of a state prisoner's federal rights. *Id.* A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)(quoting *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988)).

The Fifth Circuit requires claims to be presented to the state's highest court, even when the review is discretionary. *Magouirk v. Phillips,* 144 F.3d 348, 360 (5th Cir. 1998)(citing *Richardson v. Procunier,* 762 F.2d 429, 431-32 (5th Cir. 1985)). Respondent argues that Archie's claims must be dismissed because he has failed to exhaust his state court remedies as to all of the claims raised in Archie's federal petition. (Docket Entry No. 9, Respondent's Motion for Summary Judgement, p. 6). Respondent argues that Archie has not filed an Offender Time Credit Dispute Resolution form ("TDR"), prior to filing an application for a writ of habeas corpus in the Texas Court of Criminal Appeals.

There is a two-step process for state inmates to follow in order to exhaust their state remedies regarding time questions. The procedure for disputing time-served credit is found under section 501.0081 of the Texas Government Code. Under that section, prisoners are required to seek administrative review of their time-credit disputes by filing a TDR form before filing a state habeas application. Thus, an inmate challenging the calculation of his sentence must initially file a TDR with the Classification and Records Office and receive a response. *Ex parte Stokes*, 15 S.W.3d 532

(Tex. Crim. App. 2000). The second step requires the inmate to file an application for a writ of habeas corpus in state court and receive a response on the merits from the Texas Court of Criminal Appeals. *See Walters v. Quarterman*, 258 F. App'x 697, 698 (5th Cir. 2007).

Archie states that his TDCJ time sheet dated April 20, 2017 reflects that he has accumulated over three years, seven months, and thirty days of good time and work time credits. (Docket Entry No. 1, Federal Petition, p. 10). Archie did not file a TDR form raising this claim regarding the failure to calculate his good time and work time credits. When asked if he had filed a TDR form Archie responded that he filed one on September 10, 2001, and he received a response on December 5, 2001. (Docket Entry No. 10-31, p. 8).

In an affidavit dated March 12, 2018, Charlie Valdez, Program Supervisor III for the Classification and Records Department, stated:

> Pursuant to Texas Government Code § 501.0081, this office received a Time Dispute Resolution Form from Offender Archie on 06/23/2016, and responded to Offender Archie on 06/24/2016. Offender Archie was advised: "You were denied street time due to Government Code 508.283(b) history of 3gNon MS offense on cause number 262650 pursuant to Government Code 508.149."

(Docket Entry No. 9-1, p. 6). On July 11, 2017, Archie filed a state application for writ of habeas corpus challenging his time credit calculation. (Docket Entry No. 10-32, pp. 1-2). The Texas Court of Criminal Appeals dismissed his application for failure to comply with Tex. Gov't Code § 501.0081(b)-(c), which required him to exhaust his time-calculation claim through a TDR form before proceeding through a state habeas writ application. (Docket Entry No. 10-28, p. 1).

Archie learned of the purported miscalculation of his sentence when he received the time sheet in April 2017. Archie filed two TDR forms: one on September 10, 2001, and another on June

23, 2016. Both of these TDR forms were filed well before Archie became aware of his claim regarding the miscalculation of his sentence on April 20, 2017. Because Archie never presented his sentence calculation claim in a TDR, this claim is unexhausted.

Archie has not yet submitted a TDR with regard to the failure to consider his good time and work time credits in calculating his eligibility for mandatory supervision. Though Archie had previously filed a state application challenging his calculation of his sentence, he had not submitted a TDR before filing that state application. Once Archie receives a response to his TDR, Archie must file a state habeas application.

Archie's March 2017 state habeas application was dismissed for failure to comply with the statutory dispute-resolution process for time-served-credit error claims. A "'denial' signifies that [the Texas Court of Criminal Appeals] addressed and rejected the merits of a particular claim"; a "'dismissal' means that [it] declined to consider the claim for reasons unrelated to the claim's merits." *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Archie's state application was dismissed because it was not fairly presented to the highest Texas court in a procedurally correct manner. It remains unexhausted.

The petition is dismissed because Archie has not exhausted his state habeas corpus remedies. Archie may file a new petition once he has fully and fairly exhausted his state remedies.

Congress has codified the doctrine of exhaustion of state remedies, reflecting the policy of federal-state comity. Title 28 U.S.C. § 2254(b) and (c) provide in part as follows:

> (b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available state corrective process; or (ii) circumstances

>exist that render such process ineffective to protect the rights of the applicant.
>(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Archie has neither alleged nor demonstrated a statutory exception to the exhaustion doctrine. Texas law allows Archie to exhaust his state claims by filing a TDR form and a state application for a writ of habeas corpus with the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. art. 11.07.

### III. Conclusion

Respondent's Motion for Summary Judgment, (Docket Entry No. 9), is GRANTED. Archie's petition for a writ of habeas corpus is DENIED. This case is DISMISSED without prejudice for failure of Archie to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction. 28 U.S.C. § 2254. Archie's motion for summary judgment, (Docket Entry No. 13), is DENIED. Respondent's Motion to Substitute Lori Brodbeck for Ali M. Nasser as Attorney-In-Charge, (Docket Entry No. 14), is GRANTED. All remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484). Archie has not shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this Court was correct in its procedural ruling. Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on Nov. 27, 2018.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE